# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| LAURA E. HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:11-cv-00134-SLC |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| *sued as Michael J. Astrue, Commissioner* ) | |
| *of Social Security*,[1] ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Laura E. Hill brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (DE 1). On March 16, 2012, this Court entered an Opinion and Order that reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (DE 31).

Hill's attorney, Joseph Shull, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $26,203.50 for his representation of Hill in federal court. (DE 37). The Commissioner filed a response (DE 41) to the motion, and Shull filed a reply (DE 44); thus, the motion is ripe for ruling. For the following reasons, Shull's motion for attorney fees will be GRANTED, subject to an adjustment explained herein.

### *A. Factual and Procedural Background*

On April 22, 2011, Shull entered into a contingent fee agreement with Hill for his

---

[1] Although Plaintiff brought this suit against Michael J. Astrue, the former Commissioner of Social Security, Carolyn W. Colvin became the Acting Commissioner on February 14, 2013. As such, under Federal Rule of Civil Procedure 25(d), Colvin is automatically substituted as a party in place of Astrue.

representation of her in federal court.[2]  (DE 38-7).  The agreement provided that Shull would "charge and receive as his fee an amount equal to twenty-five percent (25%) of the past-due benefits which are awarded to [her] family and [her] in the event [her] case is won."  (DE 38-7).

On April 22, 2011, Hill filed the instant action with this Court, appealing the Commissioner's denial of her application for disability benefits.  (DE 1).  On March 16, 2012, Hill received a favorable judgment from this Court, and the case was remanded to the Commissioner for further proceedings.  (DE 31; DE 32).

On May 22, 2012, Hill filed a request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking payment for the 32.35 hours that Shull spent advocating her claim in federal court.  (DE 33 to DE 35).  The Court granted Hill an EAJA fee award of $5,887.70.  (DE 36).  However, because Hill owed a debt to the U.S. Department of Education, the entire EAJA award went to this creditor, and Shull did not receive any portion of the EAJA award.  (DE 38 at 2; DE 38-1).

In June 22, 2015, the Commissioner sent a notice of award to Hill, stating that she was entitled to monthly disability benefits beginning February 2007 and past-due benefits for the period of February 2007 through April 2015.  (DE 38-2 at 1, 4).  The notice further explained that the Commissioner had withheld 25 percent of Hill's past-due benefits to pay Hill's attorneys and that any remainder after doing so would be sent to Hill.  (DE 38-2 at 4).

Almost nine months later, on March 1, 2016, the Commissioner sent a letter to Shull stating that it had been withholding $27,958.25—which it stated was the balance of 25% of the past-due benefits payable to Hill—since June 17, 2015 (the "close-out notice").  (DE 38-6 at 1).

---

[2] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

2

The Commissioner acknowledged that it had already paid Shull $5,300 in fees under § 406(a) for his representation of Hill at the administrative level. (DE 38-6 at 1). The close-out notice states that the Commissioner had previously notified Shull that a request for fees must be submitted to the Court, that the Commissioner does not wish to delay the release of funds withheld from Hill's benefits, and that Shull had 20 days from the date of the letter to file a petition for approval of a fee or seek an extension of time. (DE 38-6 at 1). On March 18, 2016—approximately nine months after Hill received her disability benefits award—Shull filed the instant motion seeking fees under § 406(b). (DE 37).

### *B. Legal Standard*

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA,[3] the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. 42 U.S.C. § 406(a); *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a). There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[4] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. Furthermore, § 406(b) has been harmonized with the EAJA; although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Unlike the award by the Commissioner under § 406(a), the court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id.* at 807-08 (citations and footnotes omitted).

### *C. Discussion*

The Court is charged with determining whether Shull's requested fee of $26,203.50 under the contingent fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of [Hill's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A).

In that regard, the most recent communication from the Commissioner indicates that Hill

---

[4] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

4

was awarded $133,033 in past-due benefits.[5] (DE 38 at 2; DE 38-6 at 1). It is evident that the fee amount that Shull requests, $26,203.50 does not exceed 25% of Hill's past-due benefits.

Shull contends that his requested fee award of $26,203.50 is reasonable for the 32.35 hours he spent representing Hill in federal court. He emphasizes that (1) he achieved a good result for Hill; (2) he provided her with effective and efficient representation, which he attributes to his significant experience and knowledge in the area of Social Security disability law; (3) the requested fee reflects the contingent nature of the recovery; and (4) it is in alignment with the fees of other attorneys in the local market. (DE 38 at 8-11).

Shull did obtain a good result for Hill and undoubtedly provided her with quality representation. *See Gisbrecht*, 535 U.S. at 808; *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large measure of success for his client). This Court acknowledges Shull's numerous years of experience and significant knowledge in the area of Social Security disability law. (DE 39 (describing in detail Shull's professional experience in the area of Social Security law)). Of course, this case was not particularly complex, as Shull advanced two arguments on appeal, neither involving a novel or complicated issue.[6] *See Schaffner v. Comm'r of Soc. Sec.*, No. 1:07-cv-00567, 2010 WL 3894580, at *2 (S.D. Ohio Sept. 7, 2010) (considering when discounting a lawyer's § 406(b) fee request that the legal work performed, while not

---

[5] Shull represents in his motion that Hill was awarded $133,033 in past-due benefits (DE 38 at 2), and although the Commissioner's close-out notice does not expressly state this total, it indicates that the amount the Commissioner was withholding, $27,958.26, plus the $5,300 already awarded to Shull, constituted 25 percent of Hill's past-due benefits (DE 38-6 at 1).

[6] On appeal, Hill challenged the weight assigned to the opinion of her treating psychiatric nurse practitioner and the ALJ's alleged failure to account for her moderate difficulties in concentration, persistence, or pace in the hypotheticals posed to the vocational expert. (DE 31 at 2).

5

entirely "boilerplate," was relatively straightforward and routine, requiring no extensive legal analysis); *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1173 (C.D. Cal. 2006) (discounting requested § 406(b) fee where "the issues briefed in the summary judgment motion were neither novel nor complex").

The Court further notes that Shull requested and received two 30-day extensions and one 21-day extension during the briefing process due to his busy schedule. (DE 17; DE 20; DE 27). Nonetheless, there is no indication that he was responsible for any unreasonable delay that would contribute to his profit from the accumulation of Hill's back benefits, *see Gisbrecht*, 535 U.S. at 808, and as noted above, he produced a good result for Hill.

Shull also emphasizes that he incurred a substantial risk of loss in taking Hill's case. Shull points to statistics indicating that Social Security claimants who go to court ultimately prevail only about 35% of the time. (DE 38 at 8); *see generally Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a fee under § 406(b)); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a *de novo* standard . . . . [and] because there are no settlements."). Based on these statistics, Shull explains that he needs to recover at least 2.7 times greater fees in contingent fee cases than in non-contingent fee cases to compensate for the substantial risk of loss involved in Social Security appeals. (DE 38 at 8); *see Crawford v. Astrue*, 586 F.3d 1142, 1145 (9th Cir. 2009) (considering Social Security advisory board statistics in a § 406(b) fee analysis). To that end, Shull produced the Affidavit of Steven Jackson, a local attorney who is experienced in representing Social Security claimants, in which Jackson states that "a fee of $300./hr. is a fair and reasonable estimate of a non-contingent hourly

6

rate for an attorney doing similar work in the District Court." (DE 38-8 ¶ 8).

Shull's requested fee of $26,203.50 divided by the 32.35 hours he spent on the case in federal court equates to an effective rate of $810 per hour, an amount 2.7 times the non-contingent hourly rate of $300.[7] While Shull's requested fee equates to a higher effective rate than those typically awarded by this Court, *see, e.g.*, *Rorick v. Colvin*, No. 1:11-CV-00037, 2014 WL 3928488 (N.D. Ind. Aug. 12, 2014) (awarding fee equating to $653.79 per hour); *Harris v. Colvin*, No. 1:11-CV-00405, 2014 WL 3899312 (N.D. Ind. Aug. 11, 2014) (awarding fee equating to $647.61 per hour); *Duke v. Astrue*, No. 1:07-CV-00188, 2010 WL 3522572 (N.D. Ind. Aug. 30, 2010) (awarding fee equating to $549.14 per hour), this Court and other courts, upon occasion, have awarded fees in this range in Social Security appeals.[8] *See, e.g.*, *Owsley v. Astrue*, No. 1:07-CV-00073, 2010 WL 5173148 (N.D. Ind. Dec. 14, 2010) (awarding fee equating to $810 per hour); *Savage v. Astrue*, No. 5:06-CV-196 (CAR), 2010 WL 2012032 (M.D. Ga. May 20, 2010) (awarding fee equating to $807.98 per hour); *Schnall v. Astrue,* No. CV-07-617-PCT-DGC, 2009 WL 297707 (D. Ariz. Feb. 6, 2009) (awarding fee equating to $776 per hour); *Droke v. Barnhart*, No. 02-1284-T/AN, 2005 WL 2174397 (W.D. Tenn. Sept. 6,

---

[7] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004); *see Jeter v. Astrue*, No. 09-30452, 2010 WL 3783666, at *7 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding."). Here, Shull argued in his supporting memorandum that his requested effective hourly rate is reasonable; consequently, rather than endorsing a strict lodestar approach, the Court is merely responding to Shull's argument concerning his proposed effective rate and considering it as one factor in the analysis. *See Gisbrecht*, 535 U.S. at 807 n.17 (emphasizing that the attorney bears the burden to persuade the Court that the requested fee is reasonable).

[8] In its response brief, the Commissioner observes that Shull's requested fee is higher than the fees typically awarded by this Court. At the same time, the Commissioner acknowledges that other courts have awarded fees similar to that requested by Shull. As such, the Commissioner concludes "that it would be within the Court's discretion to either reduce the fee . . . or to elect not to do so." (DE 41 at 2).

2005) (awarding fee equating to $830.82 per hour); *Joslyn v. Barnhart*, 389 F. Supp. 2d 454 (W.D.N.Y. 2005) (awarding fee equating to $891.61 per hour); *Brown v. Barnhart*, 270 F. Supp. 2d 769 (W.D. Va. 2003) (awarding fee equating to $977.20 per hour).

Ultimately, "if a claimant's success on appeal can be attributed to h[er] attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time." *Jeter*, 2010 WL 3783666, at *7. Here, Shull has made a convincing case that the good result he achieved for Hill was due to his substantial knowledge and experience in Social Security disability law and his effective and efficient representation, rather than due to "some other source for which it would be unreasonable to compensate the attorney." *Id*. ("[W]e do not read *Gisbrecht*'s 'windfall' as support for the proposition that experienced, competent counsel should be punished for accomplishing an arduous task in a shorter span of time than less-experienced, less-aggressive counsel."). Accordingly, Shull's requested fee award of $26,203.60 will be authorized by this Court, subject, however, to the following adjustment.

Shull filed his § 406(b) fee request approximately nine months after Hill was awarded benefits, and thus, there is a timeliness issue as to his fee request. *See Richardson v. Astrue*, No. 07-62-P-H, 2010 WL 2927269, at *2 (D. Me. July 20, 2010) ("[I]t is entirely appropriate for the commissioner *or* the court to raise, and for the court to consider, whether a section 406(b) fee petition has been timely filed." (citations omitted)). The Seventh Circuit Court of Appeals has stated that "a petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987); *see, e.g.*, *Cox v. Astrue*, No. 3:07-cv-234, 2011 WL 2692910, at *2 (N.D. Ind. July 11, 2011) (finding a two-year interval between attorney's receipt of a notice of award and his filing of a § 406(b) request to be *per se*

8

unreasonable).

In *Vanbuskirk v. Colvin*, this Court, over the Commissioner's objection, granted Shull's fee request that was filed two years after the benefit award, cautioning him that "in the future the undersigned Magistrate may not be persuaded by [his] reliance on the receipt of a close-out letter to show timeliness of a § 406(b) petition." No. 1:10-cv-360, 2015 WL 3439228, at *4 (N.D. Ind. May 28, 2015). The Court found it significant that there was no sum remaining after the fee award, and thus, that the delay had no effect on the plaintiff; that is, *Vanbuskirk* was not a case where "money rightfully due the plaintiff" had been "needlessly withheld for an excessive amount of time."[9] *Cox*, 2011 WL 2692910, at *2; *see Garland*, 492 F. Supp. 2d at 222 ("In deciding whether the instant application is timely, the court also considers the effect of the delay on plaintiff.").

Here, however, there is a sum remaining after the fee award, and thus, the delay has prejudiced Hill, at least to some extent. *See, e.g.*, *Scharlatt v. Astrue*, No. C 04-4724, 2008 WL 5000531, at *6 (N.D. Cal. Nov. 21, 2008) (reducing the amount of the § 406(b) award where the attorney's 18-month delay deprived plaintiff of the timely receipt of an additional amount of past-due benefits); *Garland*, 492 F. Supp. 2d at 221-22 (denying a § 406(b) fee award where the attorney delayed nine months in filing the motion). That is, Shull's delay has deprived Hill of the timely receipt of the additional amount of $1,754.75 withheld from her past-due benefits. *See Scharlatt*, 2008 WL 5000531, at *6. The Court finds that Hill should not be prejudiced by Shull's delay. *See id*.

---

[9] "Given that the Commissioner withheld 25 percent of plaintiff's benefits pending the disposition of any attorneys' fee application, the delay by plaintiff's attorney in seeking an award of fees has direct relevance to plaintiff." *Garland v. Astrue*, 492 F. Supp. 2d 216, 222 (E.D.N.Y. 2007). A plaintiff "will receive any sum remaining after the fee award is deducted, so [s]he has an economic stake in the outcome of this proceeding." *Id*.

Accordingly, the Court will order that Shull's award of $26,203.50 "be reduced to account for the prejudice that resulted to [Hill] because of his delay." *Id*. More particularly, the Commissioner will be directed to deduct an amount equal to the interest on the remaining $1,754.75 owed to Hill, as calculated pursuant to the statutory interest rate, beginning September 22, 2015, which is 90 days after the date of Hill's benefits award, through March 18, 2016, the day Shull filed the instant motion for attorney fees, and add it to the $1,754.75 owed to Hill.[10] *See id.*

### *D. Conclusion*

For the foregoing reasons, Shull's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (DE 37) is GRANTED in the amount of $26,203.50, subject, however, to the following adjustment. The Commissioner is ORDERED to deduct from Shull's award of $26,203.50 an amount equal to the interest on the remaining $1,754.75 owed to Hill, as calculated pursuant to the statutory interest rate, beginning September 22, 2015, through March 18, 2016, and add it to the $1,754.75 owed to Hill.

SO ORDERED.

Entered for this 10th day of May 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge

---

[10] Because Shull did not receive any portion of Hill's EAJA fee award, there is no need to offset the EAJA award from the § 406(b) award. *See Reeves v. Astrue*, 526 F.3d 732, 737 (11th Cir. 2008) (acknowledging that "[t]he uncodified clause of the EAJA requires an attorney that '*receives fees for the same work* under both' the EAJA and the Social Security Act to refund the smaller amount to the claimant," but emphasizing that "the clause, by its own terms, only comes into play after the attorney actually *receives* double fees for the same work" (citations omitted)); *see also Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009).